UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

MASON R. HARRISON,

                Plaintiff,

v.                                                              Civil Action No._____

STELLAR RECOVERY, INC.,

                Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. Plaintiff, Mason R. Harrison, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "FDCPA") for a finding that Defendant's debt collection efforts violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA.

### II.  JURISDICTION AND VENUE

1. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) in that the Defendant transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Mason R. Harrison ("Harrison"), is a natural person residing in the county of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

4. Defendant, Stellar Recovery, Inc. ("Stellar"), is a New York State foreign business corporation, and is a debt collector as defined by 15 U.S.C. § 1692a(6). The Defendant has a principal executive office located at 1845 Highway 93 South, Suite 310, Kalispell, Montana 59901.

5. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

6. All references to "Defendant" or "Stellar" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

7. In or about 2007, Plaintiff incurred a financial obligation in connection with the origination of a consumer credit card for personal, family, or household purposes. Therefore, the subject debt is a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

8. Subsequent to the origination of the subject debt, a payment default occurred.

9. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

10. In or about mid-July 2012, Harrison received a call to his cell phone from Stellar. The collector indicated that a balance was due of $888.74, but that the account could settle for $266.62.

11. Harrison asked that the collector put the offer in writing, as he was apprehensive to make any sort of payment over the phone to a company that he had never heard of before.

12. Harrison indicated to Stellar that he would await the written settlement offer, and that, upon his receipt of same, would call Stellar back to make the payment on or about July 26th, 2012.

13. Harrison never received the written settlement offer.  Moreover, Harrison never received written notice from Stellar indicating the amount of the debt, the name of the creditor to whom the debt was owed, the right to dispute the debt, and the right to request the name and address of the original creditor.

14. Stellar called Harrison on or about July 26th, 2012 on his cell phone.  During the conversation, Harrison reiterated that he would not make the payment until he received the written settlement offer.  Stellar claimed that the letter was sent.

15. Stellar agreed to email the letter that was purportedly already sent to Harrison. Interestingly, the letter was dated July 26, 2012, which would mean that it was a lie when the collector indicated that the letter was previously sent.

16. Harrison indicated that he was at work, so he would look for the email that contained the settlement offer when he was off of work.

17. Later that evening, at approximately 8:00 pm, Stellar called Harrison's cell phone and left a message that began with "skank, skank, skank…who's bald…I think skank, skank is getting bald….quit party rocking at work….you ain't getting paid for party rocking….only I get paid for party rocking…you just shut your mouth…"

18. Harrison maintains a shaved head, and had for many months prior to the July 26th cell phone message left by Stellar.

19. Upon information and belief, Stellar learned of the fact that he was bald through the monitoring of social networking websites.

20. As a result of Stellar's FDCPA violations, the Plaintiff has suffered damages.

21. Each of the aforementioned FDCPA violations occurred within one year of the date of this complaint.

## V. CAUSE OF ACTION

22. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    a. Defendant violated 15 U.S.C §§ 1692e, 1692e(10) when the collector lied about having already sent the written settlement offer to Harrison.

    b. Defendant violated 15 U.S.C § 1692g by failing to provide Harrison with the required written notice of the amount of the debt, the name of the creditor to whom the debt is owed, the right to dispute the debt, and the right to request the name and address of the original creditor.

    c. Defendant violated 15 U.S.C §1692e(11) by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information would be used for that purpose.

    d. Defendant violated 15 U.S.C §§ 1692d, 1692d(2) by engaging in conduct the natural consequence of which is to harass, oppress, and or abuse when it left a voicemail message on Harrison's cell phone that called him a "skank," referenced that he was "bald," and said to "shut your mouth."

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Damages pursuant to 15 U.S.C. § 1692k;

(b) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(c) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  September 12, 2012

                                             s/Brad J. Davidzik_____
                                             Brad J. Davidzik, Esq.
                                             Jeffrey Freedman Attorneys at Law
                                             Attorneys for Plaintiff
                                             424 Main Street, Suite 622
                                              Buffalo, New York 14202
                                              (716) 856-7091
                                               Email: bdavidzik@jeffreyfreedman.com